## SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY V. MARY E. LYNCH ET AL.

### No. 691.

1. **Alteration of Railway Construction After Accident.**—Evidence that a year after the bridge gave way, in which accident the plaintiff's husband was killed, the company had erected a new one in its place, is inadmissible, except in rebuttal.

2. **Instructions—Preparation of.**—It is unnecessary to give instructions the substance of which is contained in the general charge. The practice of requesting a great number of instructions, some of which couple together rules which have been already given with others which have not, so that the court can not give the latter without undue repetition of the former, is not to be commended.

3. **Rules of the Company—Violation of.**—The issue being, whether the passenger killed was rightfully on the train, charges, that if the rule of the company forbidding passengers to ride on freight trains was habitually and publicly violated by the company, they may be considered dispensed with, are correct, when they have application; but a conductor has no authority to relax the rule.

4. **Same.**—When the facts show that though there have been frequent violations of the rule by trainmen, the company has not permitted such violations, but has used reasonable efforts to suppress them and enforce obedience to the rule, it can not be put in the attitude of a carrier of passengers by the wrongful acts of its conductors.

5. **Proper Charges.**—See report of the case for charges asked by the company, which should have been given.

APPEAL from DeWitt.    Tried below before Hon. JAMES C. WILSON.

The charges asked by the defendant were as follows:

"5.   Even if you believe from the evidence that passengers were at times carried on freight trains of defendant company, yet you must not find for plaintiffs unless you believe such carriage of passengers on freight trains was habitually permitted without objection by defendant company.  And if you believe defendant had at the time in question a regulation prohibiting such carrying of passengers on freight trains, and was making reasonable effort to enforce such rule, it can not be said to have habitually permitted, without objection, such practice, and you will find for defendant.

"6.   If you believe defendant had a rule and regulation prohibiting the carrying of passengers on freight trains, then you are charged that same was a reasonable regulation.   And if you believe from the evidence that defendant was making reasonable effort to enforce such rule, and had given said rule reasonable publicity, and that Lynch was.

upon said freight train in violation of said rule, you will find for the defendant.

"7. If you believe this defendant had a rule prohibiting the carriage of passengers on freight trains, and had given same reasonable publicity, it is not necessary that said deceased, James A. Lynch, may have been informed of or known said rule.

"9. You can not find for plaintiff simply because you believe from the evidence that said Lynch was on said freight train by consent of said conductor, and had actually paid fare to said conductor. Unless you further believe from the evidence that said conductor was authorized by defendant company to carry passengers on said freight train, you will find for defendant."

*Proctors*, for appellant.—1. It is not competent, in order to show negligence and faulty construction upon the part of a railway company, to prove that subsequent to the occurrence which gave rise to the cause of action said company altered the work complained of. Railway v. McGowan, 73 Texas, 362; Railway v. Hennessey, 75 Texas, 158; Railway v. Compton, 75 Texas, 675; Railway v. Johnston, 78 Texas, 540; Railway v. Brown, 4 Texas Law Rev., 54–56.

2. The admission of such testimony as to changes and after-improvements is reversible error, unless admitted purely in rebuttal for declared rebuttal purposes, and expressly limited to such purposes in the court's charge to the jury. Railway v. Hall, 1 Texas Civ. App., 225, 226.

3. The evidence showing, that the person for whose death plaintiffs sue was killed while riding on a freight train with the consent and permission of the conductor of said train, and the evidence further showing, that there was a rule established by appellant expressly forbidding such carriage on said freight train, and stating that the conductor had no authority to deviate from such rule, the court should have charged that such regulation could not be relaxed, waived, or dispensed with by any save a corporate officer of appellant company, and especially should have charged that same could not be relaxed by the conductor, because he was an agent whose special duty it was to see such rule enforced; and after omitting such charge, it was error to refuse special charges calling attention to such omission. Railway v. Campbell, 76 Texas, 176; Prince v. Railway, 64 Texas, 146; Railway v. Moore, 49 Texas, 31; 2 Am. and Eng. Encyc. of Law, 742.

4. Disobedience of a railway employe can not constitute one a passenger. If defendant had a special regulation forbidding carriage of passengers on freight trains, and it gave same reasonable publicity, coupled with the notice that its servants had no authority to deviate from the rule, and was making reasonable effort to enforce the same, it can not be held liable for the disobedience of said servants, even though such disobedience be habitual and public.

That said carriage must not only be public, but must also be habitual: Railway v. Moore, 49 Texas, 47; Prince v. Railway, 64 Texas, 146; Railway v. Campbell, 76 Texas, 176; Railway v. Dawkins, 77 Texas, 232.

5. Ignorance of a rule forbidding carriage of passengers on a freight train can not constitute one a passenger. Railway v. Dawkins, 77 Texas, 231.

6. Where the court's attention is called by a special charge to a particular phase of the case, fairly presented by the evidence, it is the court's duty to charge upon such phase. Railway v. Casey, 52 Texas, 124.

*Wheeler & Rhodes* and *Kleberg & Crain,* for appellees.—1. The admission of the testimony of the witness Berry as to the change of construction of bridge was practically in rebuttal to what said witness had stated as an expert as to the construction by him of said bridge, and that it was not only reasonably safe, but that this class of bridge was very safe, etc. Fordyce v. Withers, 1 Texas Civ. App., 540; Fordyce v. Moore, 22 S. W. Rep., 335; Railway v. Johnston, 78 Texas, 540.

2. Part of the special charges requested by the appellant, numbers 2, 3, and 4, were not the law as applicable to the facts of the case; but the law applicable on this phase of the case, as contained in said special charges, was substantially given in the court's general charge to the jury. Railway v. Moore, 49 Texas, 47; Prince v. Railway, 64 Texas, 146; Railway v. Campbell, 76 Texas, 176; Railway v. Dawkins, 77 Texas, 232.

3. Part of the special charges, 5 and 6, refused were contained in the court's general charge, and the general charge upon the phase of habitual and public violation of said rules of the company was called for by, and applicable to, the facts in the case. Railway v. Moore, 49 Texas, 47; Prince v. Railway, 64 Texas, 146; Railway v. Campbell, 76 Texas, 176; Railway v. Dawkins, 77 Texas, 232.

4. There was no error in the court refusing appellant's special charge number 9, it not embracing the law of the case, as a conductor need not be directly authorized by the defendant company to carry passengers, but such authority may be implied from habitual violation of the rule prohibiting persons from riding on freight trains.

WILLIAMS, Associate Justice.—Appellant, as widow of James Lynch, deceased, for herself and as next friend of the minor children of herself and said Lynch, brought this action to recover of defendant damages resulting to them from the death of their husband and father, alleged to have been caused by the negligence of the defendant.

From a judgment in favor of plaintiffs, this appeal is prosecuted.

There are many assignments of error, all of which have been examined; but, as the case is to be reversed, it is necessary only to men-

tion in detail those which we hold to be well taken, and such others as may develop questions which may be of importance in another trial, and which should therefore be decided.

The negligence of defendant was charged to have consisted in having, across a river crossed by its road, a defective and unsafe bridge, through which the train upon which Lynch is claimed to have been riding as a passenger fell, inflicting the injuries from which death resulted.

One of the defenses was, that the train was one used exclusively for the carrying of freight, upon which passengers were, by regulation of the company, forbidden to ride, and that Lynch was not a passenger, but a trespasser thereon.

During the trial the defendant introduced one Berry, an engineer, who testified, as an expert, to the proper construction and safe condition of the bridge. On cross-examination, plaintiffs' counsel was allowed, over defendant's objection, to prove by him that about a year after the occurrence in which Lynch lost his life, an iron bridge was put in where the wooden one, which had given way, had stood. There was no other testimony or fact in evidence in rebuttal of which this testimony was admissible. Its only bearing was to convey to the jury the suggestion that the act of defendant and of the witness, in putting in a more substantial bridge where that under investigation had been, was a confession of the unfitness or insufficiency of the former. That such evidence is inadmissible for such a purpose is now so well established in this State that citation of authority is unnecessary. Of course, such evidence may sometimes be proper to rebut or explain some other fact put in evidence, as is illustrated in the following cases: Railway v. Johnson, 78 Texas, 540; Fordyce v. Withers, 1 Texas Civ. App., 540; Railway v. Hall, 1 Texas Civ. App., 225; Railway v. Dunlap, 26 S. W. Rep., 655. But where it could operate only as containing an implied admission of negligence, as in this case, it should not be received.

Eleven special charges were requested by defendant, two of which were given and the rest were refused. The substance of several of those refused was contained in the general charge; others embraced propositions which were sufficiently stated in the charge, with the addition of others which were omitted. The practice of requesting a great number of instructions, some of which couple together rules which have been already stated to the jury with others which have not been given, so that the court can not give the latter without undue repetition of the former, is not to be commended. But some of the requested instructions contained propositions which were correct in themselves, were applicable to the facts, and were not embraced in the charge given.

The principal question for the decision of the jury was, whether or not Lynch, when killed, was rightfully on the train as a passenger. It was shown by uncontradicted evidence that defendant had estab-

lished and given reasonable publicity to a regulation forbidding the taking of passengers upon its freight trains, and notifying the public that its servants were forbidden to waive or relax this rule. The plaintiff introduced evidence showing that on a number of occasions persons had been known to ride on freight trains, paying fare to the conductor as passengers; and one witness stated, that "it was a very common thing for passengers to ride on freight trains at the time." On the other hand, the defendant showed that watch was kept by its superior officers to detect any violations by conductors of this rule, and such as were ascertained to have received passengers contrary to it, had been discharged.

The charge sufficiently instructed the jury as to the right of defendant to make such rules, and as to their effect when made, and informed them that the presumption of law is, that one claiming to be a passenger upon such train would be a trespasser without lawful right to be there, and the company would not be liable for injury he might receive while thus unlawfully upon its train; but that this presumption might be rebutted by proof showing that, notwithstanding such rules, with the knowledge, either actual or constructive, of the company, and without objection on its part, persons are habitually permitted to take passage upon such train by the employes in charge thereof; and that the company, through its proper officers, having the right to make such rules, may through the same officers relax or dispense with them; and that the public are authorized to consider such rules dispensed with, when not practically enforced, or when the same are habitually and publicly violated by the servants of the company. That these instructions are correct, where they have application, is not questioned by appellant. They contain all that is essential of special charge number 4, except the proposition, that a conductor has not authority to relax such regulations as that in question. Of that we will treat further on.

Special charges numbered 2 and 3 were, we think, correctly refused, because, in connection with the general charge, they would have confused the issue. The wording of them was well calculated to produce the belief that there must have been some specific authority from a corporate officer for passengers to ride upon freight trains, or some act of a corporate officer dispensing with the rule; when, as correctly charged, if the carriage of passengers on freight trains was so common and habitual that the proper officers ought to have known it, and they still permitted it to go on, the public could consider the rule suspended in its operation.

It is still true, however, that the conductors could not, by force merely of their own disobedience of the rule, destroy its effect. The principle stated assumes an acquiescence on the part of defendant, implied from its failure to exact obedience to its rules, where the nonobservance of them is so open and habitual that it ought to know of and be deemed to assent to the practice. Under such circumstances,

it is held out to the public as a carrier of passengers upon its freight trains, and will not be allowed to shield itself from liability under a rule which it has thus permitted to fall into disuse. But where the facts show that, though there has been occasional or even frequent violations of the rule by trainmen whose duty it is to observe them, the company has not permitted them, but has used reasonable efforts to suppress them and to enforce obedience, it can not, without its consent and against its published undertaking, be put in the attitude of a carrier of passengers by the wrongful acts of its conductors and of travellers dealing with them.

The evidence in this case called for a pointed statement of the law in this particular, but no such qualification of the doctrine stated in the charge is contained in the instructions given. Indeed, the paragraph of the charge in which the law is directly applied to the facts (which is too lengthy to be appropriately inserted) was, when addressed to the evidence, calculated to create the impression that mere habitual violation of the rule by conductors, whatever may have been the efforts of the defendant to enforce the rule, would charge it with the duty of carrying passengers upon its freight trains.

The theory of the defense was not affirmatively stated.

The fifth, sixth, seventh, and ninth special charges, requested by defendant, were correct in law, were applicable to the evidence, and, as they supplied omissions in the general charge, should have been given.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 8, 1894.