# THIRD DISTRICT, 1896.

FRANCISCO GALAVIZ v. INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY.

Decided December 2, 1896.

**Master and Servant—Railway—Riding on Freight Train—Expulsion by Brakeman.**

Without evidence to show authority of a brakeman to expel from a freight train one riding thereon contrary to rules, a railway company is not liable for his negligence and an instruction to find for defendant was proper. (Following Railway v. Black, 87 Texas, 161; Railway v. Anderson, 82 Texas, 516; Railway v. Cooper, 88 Texas, 607; Railway v. Armstrong, 4 Texas Civ. App., 154.)

APPEAL from the District Court of Hays County. Tried below before Hon. H. TEICHMUELLER.

*Cook & McBride,* for appellant, cited Reynolds v. Williams, 1 Texas, 311; San Antonio v. Lane, 32 Texas, 416; Williams v. Davidson, 43 Texas, 38; Railway v. Kelley, 34 Am. & Eng. R. R. C., 281; Railway v. Kirkbride, 15 S. W. Rep., 495; Carter v. Railway, 8 Am. & Eng. R. R. C., 347; Hofman v. Railway, 4 Am. & Eng. R. R. C., 537; Carter v. Railway, 22 Am. & Eng. R. R. C., 360; Parker v. Leman, 10 Texas, 118; Patton v. Rucker, 29 Texas, 406; Underwood v. Coolgrove, 59 Texas, 170; Rev. Stats., arts. 1300, 1316, 1317.

*Hogg & Robertson,* for appellee.

KEY, ASSOCIATE JUSTICE.— *Opinion.*—The plaintiff sued for damages for injuries caused while disembarking from a freight train. He alleged and testified that a brakeman on the train gave him permission to ride thereon from Taylor to San Marcos; that when the train was nearing San Marcos, the brakeman unlawfully and negligently compelled him to get off the train while it was in motion, and that, while attempting to do so, his foot was caught between two cars and injured.

There was no evidence tending to show any misconduct or negligence on the part of any one connected with the train except the brakeman.

It was shown by uncontroverted testimony that the defendant had a rule, promulgated and in force ever since 1890, prohibiting all persons

except its employes from riding on freight trains, and that conductors and brakemen had no power to suspend the rule.

The services which a brakeman is expected to render, and the authority conferred upon such an employe, were not shown—in fact, in that regard, the record is silent beyond what may be implied from the fact that the man, of whose alleged negligence complaint is made, was a brakeman.

Under the doctrine established in Railway v. Black, 87 Texas, 161, the plaintiff was not a passenger; and under the rule announced in Railway v. Anderson, 82 Texas, 516, there was no evidence to show that the brakeman, in compelling the plaintiff to get off the train, was acting within the apparent scope of his authority, which was necessary to render the defendant liable for his wrongful conduct. See also Railway v. Cooper, 88 Texas, 607, Railway v. Armstrong, 4 Texas Civ. App., 154.

Hence we conclude that the court properly directed a verdict for the defendant, and the judgment will be affirmed.

*Affirmed.*