## W. B. WALKER & SONS v. YSABEL HERNANDEZ.

### Decided April 11, 1906.

**Nonsuit—Amendment—Affirmative Relief.**

There was no error in permitting plaintiff, after selection of a jury was begun, to take a nonsuit, though defendant objected and asked leave to amend his pleadings so as to claim affirmative relief.

Error from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Allen & Hart,* for plaintiffs in error.

*Will S. Barber* and *Dickens & Cupp,* for defendant in error.

EIDSON, ASSOCIATE JUSTICE.—It appears from the recitals of the judgment of the court below, as embraced in the record in this cause, that after the parties had announced ready for trial and the demurrers and exceptions of the plaintiffs in error to the defendant in error's petition had been presented, argued by counsel and overruled by the court, and the selection of a jury begun, the defendant in error asked the court to permit him to take a non-suit, and before any order was granted allowing such non-suit the plaintiffs in error prayed the court to allow them to amend their pleadings in the case, so as to grant them affirmative relief in establishing the release set up by them as against the defendant in error, which request was denied by the court, to which ruling of the court plaintiffs in error excepted, and objected to the court's allowing defendant in error to take a non-suit; but the court allowed and granted the motion and prayer of defendant in error to take a non-suit and dismiss the cause. The judgment of the court below then proceeds as follows: "It is therefore considered, ordered, adjudged and decreed that this case be and the same is hereby dismissed, that the plaintiff take nothing by this suit, and the defendants go hence without day and recover their costs, for which execution may issue, to all of which judgment the defendants in open court excepted."

The plaintiffs in error herein were defendants in the court below, and the defendant in error was the plaintiff in the court below. The action

of the court in refusing to permit the plaintiffs in error to amend their pleadings so as to pray for affirmative relief in establishing the release set up by them, and in permitting the defendant in error to take a non-suit over their objection and protest is assigned as error by the plaintiffs in error, and this assignment raises the principal question for our consideration upon this appeal. Article 1301, Sayles Revised Statutes, provides as follows:

"At any time before the jury have retired the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief; when the case is tried by the judge such non-suit may be taken at any time before the decision is announced."

In the case of Hoodless v. Winter, 80 Texas, 641, our Supreme Court said: "The right of the plaintiff to take a non-suit upon his own cause of action was considered of sufficient importance by the Legislature to be given express recognition.

"Owing to unexpected contingencies that, may occur during a trial, it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and it is important that the substance and not the shadow alone of the right shall be preserved. . . . It is only when the defendant by a counter-claim seeks some 'affirmative relief' that the right of the plaintiff to discontinue the entire cause is forbidden."

At the time the plaintiff asked the court to permit him to take the non-suit, there was no claim for affirmative relief by the defendants in the case; and therefore, no right existed to be heard upon same or could be prejudiced by the taking of the non-suit. Under these circumstances, the statute gave the plaintiff the right to discontinue the entire cause. But does the fact that after the prayer for the non-suit but before it was granted, the defendants asked permission to amend their pleadings so as to set up a claim for affirmative relief so change the situation as to deprive the plaintiff of his statutory right to take a non-suit, so as to discontinue the entire case? In our opinion it does not. The case must be considered as consisting alone of the pleadings in existence at the time the plaintiff asks to take the non-suit, and his right to the same is determined by the fact that at the time he asks to take the non-suit there is no pleading of the defendant asking affirmative relief. But if it be conceded that the law permitting the amendment of pleadings has some bearing upon the subject, the allowance of an amendment after announcement of ready for trial is within the discretion of the court, and its refusal would not be reversible error unless abuse of such discretion was shown. There is nothing in the record of this case that indicates any abuse of judicial discretion on the part of the court below by refusing to allow the defendant to file the amendment requested.

There being no error in the action of the court above discussed, it becomes unnecessary to consider the other assignments of error.

The judgment is affirmed.

*Affirmed.*