## WELLS FARGO & CO. EXPRESS v. MITCHELL.

(Court of Civil Appeals of Texas. Texarkana. Aug. 8, 1911. Rehearing Denied Oct. 5, 1911.)

1. CARRIERS (§ 133*)—LOSS DURING TRANSPORTATION—EVIDENCE—ADMISSIBILITY.

In an action against a carrier for the death of chickens smothered while carried in an ordinary express car, the admission of evidence that, after the shipper had complained of the loss, the carrier began to use another kind of a car for like shipments, was error, though the trial occurred more than 2½ years after the loss, and though it did not appear that the change was not made until long after the loss.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 133.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Unless the appellate court can say that testimony improperly admitted did not prejudice the rights of the complaining party, the judgment must be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

Appeal from Cooke County Court; C. R. Pearman, Judge.

Action by J. W. Mitchell against Wells Fargo & Co. Express. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Stuart, Bell & Moore, for appellant. R. E. Cofer, for appellee.

WILLSON, C. J. Appellee was a commission merchant in Gainesville. In December, 1905, and at frequent intervals thereafterwards until September 11, 1907, he made shipments of chickens and turkeys to New Orleans by appellant's line of express. He claimed that many of the chickens and turkeys died en route, as the result of negligence on the part of appellant, and sought a recovery against appellant of the sum of $225 as his damages. A judgment in his favor for the sum of $144 was affirmed by this court, without a written opinion. The record is again before us on a motion for a rehearing.

Appellee testified: "I have been shipping stuff over defendant's line about 16 years. If an express car is not properly ventilated, chickens will smother." The witness Eckelberger testified: "He," referring to appellee, "usually shipped in a common ordinary express car. I do not think they were well ventilated. They had a little ventilation on the top of the car; side doors and end doors; all the ventilation I ever noticed was in the top of the car. They used this kind of car until some time ago and after plaintiff's shipments were made, when they made a change, putting in what they called a ventilated car, which was a better ventilated car. This car had ventilation running along the side. * * * The ventilation of the car is a great deal—in fact almost everything—to the chickens. If the cars are not well ventilated, it has a very bad effect on the chickens. No, they are not particularly delicate, still, at the same time, if you crowd them in the coops and put them in a car where all conceivable matter is placed in front and behind them, it is a matter of fact they will suffer. It takes about 35 hours to go from Gainesville to New Orleans." Appellee's suit was commenced December 17, 1907. The trial in the lower court was had April 22, 1910.

[1] The statement quoted of the witness Eckelberger, that after appellee had suffered the loss he complained of appellant discontinued the use of the kind of car it used in carrying his shipments and began to use another kind of car in carrying like shipments, was objected to as irrelevant and immaterial. The action of the trial court in

---

overruling the objection was assigned as error. The action of this court in overruling the assignment is vigorously assailed in the motion; the contention being that the ruling made is in conflict with rulings made by the Supreme Court in Railway Co. v. McGowan, 73 Tex. 355, 11 S. W. 336, Railway Co. v. Hennessey, 75 Tex. 155, 12 S. W. 608, and by Courts of Civil Appeals in Railway Co. v. Haskell, 4 Tex. Civ. App. 550, 23 S. W. 546, Railway Co. v. Wylie, 26 S. W. 85, Railway Co. v. Lynch, 8 Tex. Civ. App. 513, 28 S. W. 252, and Railway Co. v. Arnold, 39 Tex. Civ. App. 161, 87 S. W. 174, all to the general effect that, in suits for damages alleged to be due to negligence on the part of the defendant, testimony is not admissible to show that after the injury was suffered the defendant made changes or repairs calculated to obviate the recurrence of such injuries. It appearing that the trial at which the witness Eckelberger testified occurred about two years and seven months after the last shipment covered by appellee's claim was made, and it not appearing that the change by appellant to another kind of car, as testified to by the witness, was not made until long after the injury complained of was suffered, we were of the opinion that the case should not be held to be ruled by those cited by appellant, and that the admission of the testimony should not be held to require a reversal of the judgment. Further consideration of the question has convinced us that the conclusion reached was a wrong one, and that the judgment should be reversed. The testimony was inadmissible, and it does not appear it was harmless. The jury may have been influenced by it to find that appellant was guilty of negligence with reference to the character of the car it used in carrying the shipments. [2] The well-established rule is that, unless an appellate court can say that testimony improperly admitted did not operate to prejudice the rights of the complaining party, it is its duty to reverse the judgment complained of. Griffis v. Payne, 92 Tex. 297, 47 S. W. 973; Insurance Co. v. Wagner, 50 Tex. Civ. App. 233, 109 S. W. 1122; Cotton Co. v. Willis, 125 S. W. 584.

The judgment is reversed, and the cause is remanded for a new trial.