## COOPER et al. v. RUSSELL.

### No. 8986.

Court of Civil Appeals of Texas. San Antonio.

Jan. 25, 1933.

Rehearing Denied March 1, 1933.

Goodhue Weatherly, of Falfurrias, for plaintiffs in error.

J. W. Wilson, of Falfurrias, for defendant in error.

FLY, Chief·Justice.

This action originated in a justice's court and was on an open account for $142.55, being prosecuted by plaintiffs in error, herein styled plaintiffs, against defendant in error, for brevity named defendant. Judgment was rendered in the justice's court in favor of plaintiffs for their full claim. On appeal to the county court, on responses by a jury to special issues, plaintiffs recovered nothing and all costs were assessed against them. The items on which the claim was founded were oil and gasoline.

The jury found that plaintiffs did not own the oil and gasoline, but that they were the property of the Texas Company; that plaintiffs did not sell the oil and gasoline to defendant, but sold them to one Schellenberg, who did not represent defendant.

This suit may involve a small sum, but the transcript contains 94 pages, and the statement of facts 73 pages. The brief of plaintiffs contains 27 pages and defendant's brief 21 pages.

Plaintiffs present eight propositions, and in the first proposition claim that the court erred in not permitting them to file a certain trial amendment. The suit was founded, in the justice's court, on an account due plaintiffs for oil and gasoline sold in their own right to defendant, and the case was set out in a petition filed in the county court. After the evidence had established that plaintiffs had not sold the oil and gasoline for themselves, but as agents for the Texas Company, plaintiffs then sought to abandon the claim made in the justice's court as well as the county court, that the oil and gasoline was their property and asked leave to file a trial amendment alleging that the property belonged to the Texas Company and that they had it for the company. In other words, when they failed to sustain their claim to the property, they sought to meet the evidence by claiming it for the Texas Company.

The court undoubtedly had the discretion to refuse unreasonable amendments, coming at an unreasonable time during a trial, and it is clear that the discretion was wisely administered in this instance. Reid v. Allen, 18

Tex. 241; Teas v. McDonald, 13 Tex. 349, 65 Am. Dec. 65; Walker & Sons v. Hernandez, 42 Tex. Civ. App. 543, 92 S. W. 1067; Goodney v. Railway Co., 51 Tex. Civ. App. 596, 113 S. W. 171. Plaintiffs had recovered in the justice's court on a different cause of action from the one they sought to set up by a trial amendment in the county court. If such practice was permitted or encouraged, trials would become delusive mockeries and pleadings would develop into ingenious devices for eliciting the evidence and setting up cases to meet the evidence. There is no merit in any of the contentions of plaintiffs.

The judgment is affirmed.