OSBORNE v. SCOTT AND OTHERS.

A plaintiff must use reasonable diligence to procure the testimony necessary to establish his case as set forth in his petition, at the first Term of the Court irrespective of what may be the defendant's answer. He cannot safely wait for the coming in of the defendant's answer before subpœnaing his witnesses; and if he does so, it will be at his peril.

Where a plaintiff is forced to dismiss, by a ruling of the Court, that is not erroneous, a motion to reinstate is addressed to the discretion of the Court, and its refusal is not error.

Appeal from Travis. Petition by the appellant to enjoin the sale of plaintiff's alleged homestead, under several executions. The defendants in the injunction were George W. Scott, the Sheriff of the county, and several plaintiffs in sev-

eral executions. The Sheriff and another filed a general demurrer May 5th, which was overruled on the 18th, whereupon the Sheriff filed an amended answer denying the allegation in the petition. On the 20th, the plaintiff moved for a continuance on the ground, as set forth in her affidavit, " that " at the time the said cause was called for trial there was " no answer in except a demurrer to the petition ; that " after the same was called for trial George W. Scott filed " an answer which made an issue of fact to be tried by " a jury, after which time she had no opportunity to have " witnesses subpœnaed. She also states that Robert C. " Caffy is a material witness in said cause ; that she or- " dered a subpœna to be issued for said Caffy immediately up- " on the filing said answer, who is now sick in bed in Austin, " from a wound and is unable to attend Court ; that she ex- " pects to be able to procure the testimony of said Caffy, by " the next Term of this Court." The continuance was refused ; whereupon the plaintiff moved to dismiss, which was granted, and judgment rendered that the injunction be dissolved and that the defendants, the plaintiffs in the executions enjoined, recover of and against the plaintiff and the sureties on her injunction bond the amount of their several judgments respectively and interest thereon. Motion by plaintiff to set aside the dismissal and reinstate the cause upon the docket on the ground of error in the refusal of the continuance, overruled. Appeal by plaintiff.

*Fisk* and *Burns*, for appellant.

*J. A. & R. Green*, for appellees.

WHEELER, J. The only matter presented by the record which requires notice is the refusal of the Court to grant a continuance, and to reinstate the case after it was dismissed.

The affidavit for a continuance neither averred the use of diligence, nor any sufficient excuse for the want of it. That

the plaintiff did not know what the answer would be, or whether the defendant would file an answer, was no excuse for not summoning her witnesses. A plaintiff must use reasonable diligence to obtain the testimony necessary to establish his case, irrespective of what may be the defendant's answer. He cannot safely wait for the coming in of the answer before subpœnaing his witnesses; and if he do so, it will be at his peril. The continuance was rightly refused. (Hart. Dig. Art. 815.)

The dismissal of the case was of the plaintiff's election. It was entirely voluntary; and was not occasioned by any erroneous ruling of the Court adversely to the plaintiff. The motion to reinstate the case, therefore, was addressed to the discretion of the Court; and its refusal is not error. (Esterling v. Blythe, 7 Tex. R. 210.) The judgment is affirmed.

Judgment affirmed.