TOM LOCKETT v. FORT WORTH & RIO GRANDE RAILWAY COMPANY.

No. 2841.

1. **Parties—Misjoinder.**—It was a misjoinder of parties for a father to join with him as plaintiffs his minor children in a suit for damages for a nuisance.

2. **Nuisance from Excavation, etc.—Damages.**—A railway company creating a nuisance by permitting water to stand on its right of way which would have passed off but for an embankment and excavation made by it, is liable for any injury resulting directly therefrom, including loss of service of minor children of the plaintiff brought about by sickness caused by the nuisance, as also for expenses necessarily incurred by sickness so caused.

3. **Practice—Nonsuit.** — The petition showed a cause of action, there was testimony tending to prove the allegations and none contradicting, and the court instructed the jury to find for the defendant. *Held:*

1. The plaintiff was under no obligation to permit a verdict to go against him, but might take a nonsuit.

2. It was error to refuse a motion to set aside such nonsuit when taken.

4. **Tenant May Sue for Damages from Nuisance.**—A tenant may maintain an action for injuries resulting from a nuisance.

APPEAL from Hood.  Tried below before Hon. C. K. Bell.

The opinion states the case.

*Wear & McConnell,* for appellant.— 1. Where the right of action for several causes of action is in one person only and said causes of action arise out of the same subject matter, it is not a misjoinder of parties plaintiff for the person in whom the right of action exists to unite the several causes of action in one action, unless injury may be thereby done the defendant.  Moore v. Minerva, 17 Texas, 20; Stachely v. Pierce, 28 Texas, 328; O'Shea v. Twohig, 9 Texas, 336; Teas v. McDonald, 13 Texas, 349; Navigation Co. v. Dwyer, 29 Texas, 376; Hardy v. Broaddus, 35 Texas, 668; Crawford v. French, 25 Texas Supp., 436; Sayles' New Treat., sec. 500; Story's Eq. Pl., sec. 167, note 5; 1 Ct. App. C. C., sec. 588; 2 Ct. App. C. C., sec. 175; Gould's Pl., sec. 54.

2. The sickness of plaintiff's family, if caused by said pond, as a source of annoyance and inconvenience to plaintiff was not too remote to be considered in estimating the damages caused plaintiff by the existence of said pond as is alleged in plaintiff's petition.  Cool. on Torts, sec. 228, notes 1–4; Id., notes 1–3, p. 269; Id., sec. 222; Field on Dam., p. 28, rule 5; Id., art. 48; Railway v. Chester, 57 Ind., 297; Durden v. Barnett, 7 Ala., 169.

3. If stagnant ponds of water are dangerous to the health of those living near them and sickness is liable to result therefrom, then the mental disquietude and disturbance created in one's mind by reason of their knowledge of said danger are certainly elements of damage to be considered in rendering a verdict in the case, and as such are susceptible of proof. 2 Ct. App. C. C., sec. 203; Field on Dam., sec. 747; 1 Ct. App. C. C.,

secs. 255, 415; Wood on Nuis., sec. 592; Fowler v. Stonum, 6 Texas, 60; Burditt v. Swenson, 17 Texas, 489; Railway v. Gilbert, 64 Texas, 540; Stuart v. Tel. Co., 66 Texas, 580.

4.   If a petition has been sustained under a general demurrer, and plaintiff introduces his evidence in support thereof, it is the province of the jury in the first place, and not of the court, to say whether or not the evidence so introduced is sufficient to maintain a verdict; and from this. fact it is an unwarranted assumption of power by the court under our system of practice and pleading to take this from the consideration of the jury.   It is an assumption that our courts have never tolerated except in cases of extreme failure to make a case at all.   Wood on Nuis., p. 10 (note 1), secs. 563, 866; Reynolds v. Williams, 1 Texas, 311; Whittaker v. Clarke, 33 Texas, 647; Supreme Council v. Anderson, 61 Texas, 296.

5.   Plaintiff as a tenant could not bring action for damage to the premises nor to abate or enjoin the nuisance.   His only remedy was to bring an action for damages occasioned him by the violation of his rights.   Wood on Nuis., secs. 575, 828, 875; 1 Ct. App. C. C., sec. 234.

No brief on file for appellee.

STAYTON, CHIEF JUSTICE.—Appellant brought this action in behalf of himself and his minor children to recover damages for injuries claimed to have resulted to himself and children from the act of appellee.   He alleged that he lived in a house on land which he had rented situated about fifty feet north of appellee's railway track; that the land where the house and railway were was so situated that but for the embankment on which the track was and a ditch formed between the track and his house by an excavation made by appellee the water would drain off after rains; but that the embankment erected and excavation made caused the water to collect and stand within a few feet of his house after rains, where it became, by reason of its stagnant state, hurtful to the health of himself and children and highly offensive both to sight and smell; whereby the health of all was injured, sickness brought on, and offense suffered.

An exception to the petition on the ground of misjoinder of the minor children was sustained, and in this we think there was no error.

After this was done it was agreed that without amending the petition the cause might go to trial and appellant recover any sum which the evidence might show him entitled to recover in his own right.

If appellee created a nuisance by permitting water to stand on its right of way which would have passed off but for the embankment and excavation made by it, then it would be liable to appellant for any injury resulting to himself directly therefrom, and it would be liable to him for the loss of services of his minor children brought about by sickness caused

by the nuisance, and it would be further liable for expenses necessarily incurred on account of sickness so caused.

Evidence was introduced tending to support the averments of the petition, which was not contradicted by other evidence, but the court instructed the jury to find a verdict for the defendant. Appellant then took a nonsuit, which he afterwards moved the court to set aside, and this was refused. The giving of the charge and the action of the court on the motion to set aside the nonsuit are assigned as error.

The petition stated a good cause of action, as the court held on general demurrer, and there was evidence tending strongly to sustain the averments of the pleading. This presented a case in which, under a proper instruction, the issues of fact should have been submitted to the jury. The charge withdrew the case from the jury and peremptorily directed a verdict for the defendant, and this was error.

After this action of the court appellant was under no obligation to permit a verdict to go against him, but might take a nonsuit, which it was error to refuse to set aside upon motion.

There is no appearance for appellee, and we are not advised of the ground on which the court below based its ruling, but it is suggested that the court may have been of the opinion that a tenant could not maintain an action for injuries resulting from a nuisance. If this was the holding it was erroneous.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 17, 1890.