CORSICANA COTTON OIL CO. v. MRS. GEORGIANA VALLEY.

Delivered June 20, 1896.

**1.  Damages to Minor Child—Surviving Wife not Entitled to Recover.**
 A married woman is not entitled to recover for her own benefit damages for personal injuries sustained by her child, the husband being dead.

**2.  Husband and Wife—Survival of Cause of Action.**
 Where the husband dies pending a suit for personal injuries sustained by the wife, the cause of action survives to the wife, and she is entitled to make herself a party plaintiff.

**3.  Evidence—Nuisance—Action of Municipal Authorities Immaterial.**
 In an action against a private corporation to abate a nuisance, evidence of the action of the municipal authorities with reference to the alleged nuisance is immaterial.

APPEAL from Navarro.    Tried below before Hon. RUFUS HARDY.

*McKie & Autry*, for appellant.

*Jink Evans* and *Croft & Croft*, for appellee.

FINLEY, ASSOCIATE JUSTICE.—This suit was originally instituted by Peter Valley against the Corsicana Cotton Oil Company, to recover damages on account of a nuisance.    The petition alleged two elements of damage, namely, damage to the property of the plaintiff, consisting of his homestead residence, and also personal damages to himself and family, consisting of wife and children, by reason of the noxious, poisonous, disagreeable and unhealthful gases, odors and filth, which affected their health and rendered the occupancy of their property disagreeable, etc.

Peter Valley died prior to the trial, and his wife, Georgiana Valley, came into the case by pleading; set up the death of her husband since the institution of the suit; that there was no administration or necessity for administration upon his estate; that the homestead was all the property that he possessed; that it was her homestead at the time of his death, and was occupied then and now by herself and their minor

child as such homestead. She prayed that she be considered the sole plaintiff in the suit and permitted to prosecute the same. Her petition then alleged the cause of action substantially as alleged in the original pleadings of plaintiff, with the exception that she did not allege damages to the property and seek a recovery therefor. She alleged personal damages to herself and child in the destruction of their enjoyment and occupancy of the home, sickness, discomfort, etc., caused by the nuisance described in the petition. She also set up a claim for exemplary damages. By express allegation in the petition the plaintiff seeks to recover the damages claimed for her own separate use and benefit; and sets up the damages alleged to have accrued as being personal damages to herself and minor child.

The case was tried and resulted in a verdict and judgment for $1000 actual damages and $500 exemplary damages. Appellee remitted the exemplary damages, upon the suggestion of the court that a new trial would be awarded unless a remittitur was entered; and from the judgment for actual damages this appeal has been prosecuted.

We deem it unnecessary to take up the different assignments of error as presented in the brief of appellant. It will be sufficient to pass upon the different propositions raised by assignments which we deem of material importance in the case.

1. The scope given the jury, both in the matter of the introduction of evidence before the jury and the charge of the court, was broad enough to permit a recovery of actual damages for the personal injury sustained, not only by Georgiana Valley, the plaintiff, but by her minor child and deceased husband. This was error.

Under the pleadings of the plaintiff, she was only entitled to recover the personal damages which she herself had sustained by reason of the nuisance. As she sought to recover for her own separate use and benefit, she was not entitled to recover the damages sustained by the child. There was no pretense in the petition that she had thereby been deprived of the services of the child, or had been put to any expense on her account by reason of the nuisance. Neither was she entitled to recover under her allegations for any personal damages sustained by the husband. The evidence should have been restricted to the damages to herself, and the charge of the court should have presented the case, so limited, to the jury.

2. It is urged by appellant that the cause of action did not survive upon the death of Peter Valley, but died with him, and for that reason Georgiana, the surviving wife, could not recover.

This question presents some difficulty, and we have been cited to no authorities satisfactorily settling the proposition announced. While our decisions have treated damages flowing from personal injuries to the wife as community property, and declared the husband to be the only proper party to prosecute such suit (Ezell v. Dodson, 60 Texas, 331), they nevertheless recognize the right of the wife to sue for such dam-

ages when relieved of coverture by death or divorce. Nicherson and Matson v. Nicherson, 65 Texas, 281. Under our community system, the husband is the controlling manager of the partnership, has the right, and is the only proper party to institute suit for a recovery which inures to the benefit of the community; but while this is true, the wife is represented in the suit by and through him, and it would seem to be harsh and inequitable to cut off her right to sue for damages which she had sustained in her own person, for the reason that the husband, who acted for her in the suit, died before the termination of the litigation. The damages which she had sustained were embraced in the petition filed by her deceased husband, and we are of the opinion, upon his death, that she had the right, upon proper allegations, to make herself party plaintiff and prosecute the suit for the recovery of such personal damages as she had sustained from the nuisance.

3. By assignment of error on the part of appellant urging improper argument by appellee's counsel, and by cross-assignment by appellee relating to the rejection of testimony, the question is presented, whether or not the failure of the city of Corsicana to abate the nuisance was a legitimate matter for the consideration of the jury. The court permitted defendant to introduce evidence tending to show that the city of Corsicana did not regard the matter complained of as being a nuisance, and did not, therefore, abate it. The court rejected evidence offered by the plaintiff to the effect that the mayor of Corsicana was a stockholder and director in the defendant company. Appellee's counsel in his argument asserted this last named fact, and it is that which appellant complains of.

In our view of this case, the non-action of the city of Corsicana was an immaterial and improper matter for the consideration of the jury. Whether the matters complained of as a nuisance were in fact such, was an issue for the determination of the court in which this suit was instituted, and that issue should have been determined upon the evidence directed at the fact of the nuisance; and the opinion of the city officials, as disclosed by their non-action, was not legitimate evidence to disprove the nuisance or to mitigate the consequences of it. The court, therefore, should not have admitted any evidence of this character. In view of the fact that the cause has to be remanded, it is unnecessary to discuss the respective contentions in regard to the influence of the argument, claimed to be improper, upon the jury trying the case.

4. Appellant contends that the amount of the damages recovered should bear a legitimate proportion to the value of the homestead. The appellee does not sue for damages to the property. She sues for the personal damages sustained by herself and child while occupying the property as a residence and home. The market value of the home property in such a suit as this furnishes no basis for determining the amount of damages which should be awarded.

It is unnecessary to discuss the question of the excessiveness of the

verdict, in relation to which the proposition last announced is urged by appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*