## CITY OF HONEY GROVE v. MILLS.
### (No. 2449.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 22, 1921. Rehearing Denied Nov. 24, 1921.)

1. Nuisance ☞54 — Instruction on damages held erroneous.

In an action against a city for conducting a sewerage system in such manner as to constitute a nuisance, it was error for the court, in submitting an issue as to damages, to instruct, "You will take into consideration the annoyance and discomfort which plaintiff and his family have suffered," where, by reason of the evidence and the connection in which the charge was given, the jury would reasonably understand that they were authorized or required to consider the discomfort and sickness of the different members of the family in computing the plaintiff's special damages.

2. Nuisance ☞50(1)—Special damage suffered by adult children of plaintiff not recoverable.

Damages suffered by plaintiff incident to the negligent conducting of a sewerage system by a city were personal to the plaintiff, and he could recover, in a suit therefor, only for injuries to himself and his wife, and not for the special damages suffered by his adult daughters.

3. Limitation of actions ☞55(6)—Rule stated as to running of statute against injury from nuisance.

When a nuisance or injury necessarily resulting therefrom to land is permanent, limitations begin to run against the action for damages at the time the nuisance is first created,

or the injury begins, and the continuance of the nuisance does not make the cause of action a recurring one; but where the nuisance is of a temporary character, and the injury temporary or recurring and abatable, the injured person can recover merely the special damages sustained within the period prescribed by the statute of limitations.

**4. Nuisance ⊙⇒50(2) — Measure of damages held to be depreciation of rental value of land.**

Where a nuisance from a sewerage system consisted in the negligent manner in which it was operated and was abatable, it was not proper to consider the ·depreciated value of plaintiff's land injured thereby; the proper measure of damages being in such case the depreciation in the rental value of such use or special damages to the land.

**5. Municipal corporations ⊙⇒733(2) — City's liability for nuisance in maintaining sewer same as that of individual.**

If a city so constructs its sewerage system connecting it with a water course and so operating it as to constitute a nuisance, its liability for the damages does not differ from that of an individual so managing his property as to injure another.

**6. Nuisance ⊙⇒43—Consent to use of creek held not to estop owner from complaining of nuisance.**

The written consent of a property owner, granting permission to use a creek or water course on his premises as a conveyor of the contents of a septic tank to be located in an adjoining city, did not estop him from claiming damages for the wrongful or negligent operation of the system constituting a nuisance.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by Haymon Mills against the City of Honey Grove. From judgment for plaintiff, defendant appeals. Reversed and remanded for new trial.

The appellant, a municipal corporation, acquired by purchase on March 12, 1918, a sewerage system, and operates the same. Prior to that time it had been owned and operated by certain private individuals, who installed and finished the plant in 1911. Appellee owns a tract of land of 68 acres, where he resides with his wife and two adult daughters. The land is situated outside of the city limits and one-half mile northwest of the septic tank, which is located within the city limits. The septic tank receives the sewage; and the contents are later, through means of a drainpipe, conveyed to a branch which is near the tank and the waters of which run in a northwesterly direction. This branch extends to, through, and beyond appellee's farm. The appellee's house is situated about 150 yards distant from this branch running through his farm. Appellee and others executed a written instrument authorizing the

original owners of the sewerage system to use the branch as a conveyor of the contents of the septic tank. This suit is brought by the appellee to recover damages as well to his land as for the physical and mental discomforts of himself and his family, alleging that such damages were occasioned by the city's maintaining a nuisance in the construction and in the operation of its sewerage system. The defendant answered by demurrer, general denial, statute of two years' limitation, and estoppel. The case was submitted to the jury on special issues, and in accordance with the verdict of the jury the court rendered judgment for the plaintiff for damages to the land and for personal damages. The judgment further enjoined the city from a negligent operation of the plant. The findings of the jury are:

(1) "Plaintiff and his family have been personally annoyed and discomforted since March 12, 1918, in the use and enjoyment of their home, by disagreeable smells and odors produced or emanating from the sewage plant," in the sum of $800; (2) "that the plaintiff's land has been damaged by defendant's sewage plant or system since March 12, 1918," in the sum of $1,200; and (3) that the sewerage plant by the use of ordinary care can be operated so that it will not be a nuisance.

The evidence establishes that the septic tank is a permanent structure, with concrete base and walls of approved mechanical construction and the necessary devices. The evidence is conflicting as to the emission of odors and disagreeable smells of the substances that flow in the branch in question. The evidence goes to show that the alleged discomforts to appellee of disagreeable odors and of deposit· of fecal matter on his land were recurring conditions existing at certain seasons of the year and due entirely to the manner of operating the plant.

A. P. Parks, of Paris, and Cunningham, McMahon & Lipscomb, of Bonham, for appellant.

B. B. Sturgeon, of Paris, and Thos. P. Steger, of Bonham, for appellee.

LEVY, J. (after stating the facts as above). The plaintiff sues in his own individual capacity for personal damages for annoyance and discomfort suffered "by plaintiff and his family" through odors and disagreeable smells occasioned by the negligent operation of the plant. Plaintiff also sues for damages to his land, alleging its depreciated value resulting from the construction and presence of the sewerage plant and through negligent operation of the same.

Appellee offered evidence, and appellant excepted to its introduction, of the sickness of his daughters from chills and fever and malaria, and that one of them had a congestive chill, and of their personal discom-

fort due to the smells and odors of the contents from the septic tank as conveyed on the branch. And the court submitted the following issue to the jury:

"Q. 2. What amount of damages (if any) do you allow the plaintiff for such annoyance and discomfort, if there were any? In this connection, you are instructed that in arriving at the answer to this question No. 2 you will take into consideration the annoyance and discomfort, if any, which the plaintiff and his family have suffered, if any, by reason of any disagreeable smells or odors produced or coming from the sewerage plant or system of the defendant since March 12, 1918."

Appellant predicates error, in appropriate assignments, on the introduction of the evidence above, and upon the submission of the special issue stated. It is insisted that—

"The plaintiff is not entitled to recover damages for annoyances and inconveniences and sickness suffered by members of his family other than the wife."

[1, 2] It is not believed that evidence offered as to sickness and discomforts in the home to the family occupying it, as a result of the operation of the sewerage plant, was immaterial and inadmissible for any purpose in the case as pleaded. Such conditions enter into and affect and make greatly undesirable the use of the home as such so long as the nuisance, through negligent operation of the sewerage plant, remains unabated. Such existing conditions, through operation of the sewerage plant, affecting the use of the home as they do, may, if a permanent nuisance, properly be an element of permanent damages, or, if a temporary nuisance, the basis of special damages to the land on which the home is located. Ry. Co. v. Church, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739. And the plaintiff would not be debarred from proving that he and his wife suffered discomforts, annoyances, and sickness by reason of such odors, as bearing upon special damages to himself and his wife. But the court committed serious error, in respect to this evidence, in authorizing the jury to consider it in measuring personal damages to the plaintiff to the extent that the instruction reached. If the court had gone no further than asking the question No. 2. as done, as to amount of damages that should be awarded for the injury to the plaintiff, there probably would have been no error. The court, though, in connection with and as a part of the question, further instructed the jury:

"You will take into consideration the annoyance and discomfort, if any, which the plaintiff and his family have suffered."

The jury would reasonably understand by the instruction as a whole that in awarding the plaintiff personal damages, they were authorized and even required to take into consideration the discomforts and sickness of the different members of his family. The instruction, in view of the evidence, had the effect to allow the plaintiff to recover generally for all annoyances and discomforts suffered by his two adult daughters. Damages suffered are personal to the one suffering them, and the plaintiff could recover in his suit only for injuries to himself and his wife, and not for the special damages suffered by each of the two daughters. Ry. Co. v. Reed, 22 S. W. 283; Corsicana Cotton Oil Co. v. Valley, 14 Tex. Civ. App. 250, 36 S. W. 999; Lockett v. Ry. Co., 78 Tex. 211, 14 S. W. 564.

The appellee offered evidence, and appellant objected to its introduction, as to the depreciated market value of the land. And the court submitted the following special issues to the jury:

"Q. 3. Do you find from the preponderance of the testimony that the plaintiff's land has been damaged by the defendant's sewerage plant or system since March 12, 1918, as alleged by plaintiff in his petition? If you answer No. 3 yes, then you are asked the further question:

"Q. 4. What amount of damage, if any, do you allow the plaintiff for injury to his land? In answering this question No. 4 you are instructed that plaintiff's measure of damages to his land would be the difference in the cash market price it would sell for now, with the sewer system and plant as it now exists, and the cash market price it would now sell for if the sewerage system and plant were discontinued. In this connection, you are instructed that you cannot allow plaintiff any damages for any injuries to his land, if any there were, which occurred prior to March 12, 1918."

Appellant predicates error, by appropriate assignments, upon the introduction of the evidence above stated and upon the giving of the instructions. It is insisted: (1) That if it be determined that the injuries, if any there were, to the plaintiff's land, were of a permanent nature, then the plaintiff's cause of action was, under the undisputed evidence, barred by the statute of limitation of two years; and (2) that if it be determined that the injuries to the land were recurring and not permanent, and due entirely to negligent operation of the sewerage plant, then the measure of damages was erroneously proven and stated in the charge. The sewerage system was installed and finished and began operations in 1911, and the plaintiff was at that time and is now the owner of the land and resided thereon. The suit was filed August 4, 1919. According to the evidence the appellee's claim of nuisance is not based on the immediate presence of any foul odors or smells arising from the immediate presence of the septic tank itself, located one-half mile from his farm. The injury to the land, according to the evidence, consisted entirely in the deposit of fecal matter on it and

in the offensive and obnoxious odors arising therefrom. This fecal matter was cast upon the land or overflowed on it from a running branch used by the city as the outfall of the sewer. This branch ran very near the septic tank, and onto, through, and beyond appellee's land. It was proven that the septic tank was equipped with an automatic "tripper" which tripped every 30 minutes, and that each time it tripped there were about 6,500 gallons of water containing more or less sewage not wholly dissolved that emptied through a pipe into the branch which conducted it to and cast some of it upon the land in question. Each "trip" produced the same situation. And there is evidence going to show that the result described above was occasioned by negligent or wrongful operation, or operation in a manner not proper or scientific. But there is evidence in behalf of appellant to show that the septic tank is of sufficient capacity and of proper mechanical construction and is operated in a proper and scientific way, and that there is no outfall of insoluble matter in the branch producing offensive odors. Appellee shows that in hot and dry weather the smells and odors from the deposits on his land are at their worst, but in winter time and in rainy weather the nuisance is greatly lessened both as to deposits and odors. There is some evidence that in one of the years the appellee lost the greater part of his crop by reason of the great overflow of deposits over the place, but no other injury appears beyond offensive smells and odors. If the deposits were not made on the land, it appears it would not be damaged or injured in any way.

[3] The general principle is that when the nuisance or the injury necessarily resulting therefrom to the land is permanent in its character, the statute of limitation begins to run against a cause of action for damages therefor at the time the nuisance is first created, or the injury therefrom begins; and the fact that the nuisance continues does not make the cause of action a recurring one. Ry. Co. v. Hall, 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298, 22 Am. St. Rep. 42; Umscheid v. City of San Antonio, 69 S. W. 496. But where the nuisance complained of is of a temporary character and the injury therefrom is temporary or recurring, such as the city may abate at will without destruction of the property, and when abated the injury occasioned by its maintenance will cease, the injured person can recover merely the special damages which he has sustained within the period prescribed by the statute of limitation for suing. Baugh v. Ry. Co., 80 Tex. 56, 15 S. W. 587; Town of Jacksonville v. McCracken (Com. App.) 232 S. W. 294; Austin v. Ry. Co., 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350.

[4, 5] And considering all the evidence in the case, it is concluded that the nuisance and injury to the land was of a temporary and recurring nature, the consequence only of negligence in the manner of managing and conducting the plant as to the outfall made in the branch. If the city, as here, has constructed a sewer and connected it with a branch, at times overtaxing its capacity, or allowing insoluble matters to accumulate in it and obstruct the flow of the waters of the branch, causing it to flow back on private property, its liability for the resulting damage does not differ from that of an individual who so wrongfully or negligently manages his property as to injure another person. The nuisance only became so by the manner of the negligent or wrongful use of the branch as the outfall for the sewer. In fact, the jury made the finding of fact that the alleged nuisance was, under the evidence, abatable by the exercise of ordinary care in the operation. In this situation, it was error to permit the evidence as to the depreciated value of the land, for any cause of action therefor is not shown, and if the cause of action therefor is proven, it was barred by limitation. And the court also erred in the charge as to the measure of damages. Depreciation in the market value of the land is recoverable only for permanent nuisance causing permanent injury to the land. Where the injury and nuisance are only temporary, as here shown, then the proper measure of damages is the depreciation in the rental value, or use, or special damages to the land. There was some evidence on the part of the appellee showing the loss of the greater part of his crop in one of the years next to suit, which would be in the nature of special damages; but this was not alleged as damages.

[6] Appellant insists that appellee was estopped from claiming damages because of the written instrument in effect authorizing the use of the branch as a conveyor of the contents of the septic tank. The instrument signed on December 6, 1910, by appellee and others, reads:

"We the undersigned property owners, grant our permission to S. G. Duff and J. H. Whatley of Greenville, Texas, their successors or assigns, to use Honey Grove creek, which passes over or along our property, as a conveyor of the contents of the septic tank to be located in the city of Honey Grove, Tex."

Estoppel may not be predicated, it is thought, upon the instrument, against recovering damages for the wrongful or negligent operation of the septic tank. Donovan v. Royal, 26 Tex. Civ. App. 248, 63 S. W. 1055. It is not a license against damages for any special inconvenience or discomfort or injury produced by wrongful or negligent operation or conduct that it not the natural and necessary result of the grant of the easement.

The judgment is reversed, and the cause remanded for another trial.