## HARRIS v. FARMERS' & MERCHANTS' STATE BANK OF RANGER et al. (No. 1303.)

(Court of Civil Appeals of Texas. El Paso. March 30, 1922.)

1. **Appeal and error** ⟺154(4)—**Refusal to reinstate after voluntary nonsuit may be reviewed by appeal.**

If a ruling sustaining a motion by defendants for an instructed verdict was erroneous, the court's refusal to reinstate the suit after plaintiff took a nonsuit may be revised by appeal; plaintiff not being required to permit a verdict against him.

2. **Municipal corporations** ⟺808(2)—**Property owner not liable for injuries from obstruction in sidewalk not due to his own wrongful act.**

Ordinarily an abutting owner is not liable for injuries caused by an obstruction in the adjacent sidewalk unless such obstruction is due to his wrongful act.

3. **Master and servant** ⟺322—**Abutting owner not liable for independent contractor's negligence in obstructing sidewalk unless work is necessarily dangerous.**

An abutting property owner is not liable for the negligence of an independent contractor in leaving a ditch across the sidewalk unguarded, unless the work such contractor was engaged to do necessarily constituted a dangerous obstruction or defect in the street.

4. **Master and servant** ⟺319—**Abutting owner held not liable for independent contractor's negligence in leaving ditch across sidewalk unguarded.**

In an action for injuries from falling into an unguarded ditch across a sidewalk in front of defendant's premises, where defendant alleged that persons engaged by it to dig the ditch were independent contractors, who were engaged simply to install a connection with a gas main, and that it was not necessary to dig the ditch in doing so, the burden was on plaintiff to bring his case within the exception to the general rule exempting the owner from liability for the negligence of an independent contractor.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by C. A. Harris against the Farmers' & Merchants' State Bank of Ranger and another. From the court's refusal to reinstate the suit after a voluntary nonsuit, plaintiff appeals. Affirmed.

Clint, Eades & Eades, of Dallas, and Burkett, Anderson & Orr, of Eastland, for appellant.

Fred S. Dudley, of Fort Worth, and Levy & Evans, of Ranger, for appellees.

HIGGINS, J. Appellant brought this suit against the Farmers' & Merchants' State Bank of Ranger and the Sammies Oil Cor-

poration of Texas to recover damages caused by personal injury.

It was alleged that the defendants, through a contracting plumber, had excavated a ditch from the street and through the sidewalk to the banking house in Ranger of said bank, and on the night of November 25, 1918, left the ditch unguarded by light or other protection to the public against falling into same; that on said night plaintiff, while passing upon the sidewalk, fell into the ditch and was injured.

The oil corporation answered by a general denial and special plea that it had nothing whatever to do with the digging of the ditch, but same was the private undertaking of its codefendant, which was making a connection from its banking house to the gas main in the street owned by said oil corporation.

The bank answered by general denial and special plea that it had nothing to do with the digging of the ditch, but that—

"Immediately prior to the digging of said ditch, this defendant had made a contract with Jack Bell, or with the firm of Harvey & Bell, who were then and there contracting plumbers, by the terms of which said contract the said contractors were to install for this defendant a certain gas pipe which was to connect the gas heating system in the building of the defendant with the gas main which was in the street adjacent to said building, and by the terms and provisions of said contract the said contractors were obliged to install said pipe for a price and sum agreed to be paid by this defendant, but the manner and method of doing said work was by said contract left wholly to the discretion of said contractors, and this defendant had no power of control or supervision over said contractors or over the work and the manner in which the same should be done, and this defendant would further show that it did not contract for the digging of a ditch, but only for the installation of said pipe. This defendant further says that said work might and could have been done without such excavation, and that such work is in fact frequently done without digging ditches or excavations across the sidewalk; and, having no control or power to direct or supervise the method or manner in which said pipe should be installed, this defendant did not know that in installing said pipe such excavation would in fact be made; and defendant further says that said contractors could have installed said pipe as provided in said contract without digging said ditch, and such excavation was not necessarily incident to the carrying out of said contract."

Upon the close by plaintiff of the introduction of his evidence, the court announced that in his opinion no liability upon the part of either defendant had been shown and would sustain a motion made by the defendants for an instructed verdict in their favor. Thereupon the plaintiff took a nonsuit. In due time plaintiff filed his motion to reinstate, which was overruled, and he appeals.

[1] If the ruling of the court upon defendants' motion was erroneous, the plaintiff was not required to permit a verdict against him to be returned, and the refusal to reinstate the suit may be revised by appeal. Lockett v. Ry. Co., 78 Tex. 211, 14 S. W. 564; Ford v. Ry. Co., 58 Tex. Civ. App. 556, 124 S. W. 715.

It was shown that on November 25, 1918, the Farmers' & Merchants' State Bank owned and occupied in the town of Ranger the house and lot at the place where plaintiff was injured by falling into a ditch, as by him alleged, which ditch had been excavated from the street, across the sidewalk, and to said building; that on the night of said date the ditch had been negligently left unguarded by light, nor was it otherwise guarded so as to protect users of the sidewalk from falling into the same. On said night, plaintiff, while passing along the sidewalk, fell into the ditch and was injured. The sidewalk at that point was concrete and this had been cut in two. The ditch was about 16 inches wide and 3 feet deep. There was no evidence whatever offered to show that either of the defendants dug the ditch, or that they authorized it, or even had any knowledge that it would be dug. The appellant does not contend that any liability was shown upon the part of the oil company, but asserts that a prima facie case was made against the bank.

[2, 3] Ordinarily, an abutting property owner is not liable to persons injured by reason of an obstruction in the adjacent sidewalk unless such obstruction is due to the wrongful act of the owner. 13 R. C. L. 32. In our opinion the evidence was wholly insufficient to show that the digging of the ditch was done by the bank or that it was in any wise responsible for its presence. The testimony does not even show who dug the same or what its purpose was. If it was dug by an independent contractor for the bank, then it cannot be held that the bank was liable for the negligent act of such contractor, unless it be shown that the work which the contractor was engaged to do "necessarily constituted an obstruction or defect in the street or highway which rendered it dangerous as a way for travel and transportation, unless properly guarded or shut out from public use." The owner is liable only "where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do." Kampmann v. Rothwell, 101 Tex. 535, 109 S. W. 1089, 17 L. R. A. (N. S.) 758.

[4] The special answer of the bank sets up that the contracting plumbers whom it had engaged were independent contractors and were engaged simply to install a connection between the gas main in the adjacent street with the heating system in their building, and that it was not necessary for said contractors to dig said ditch in doing

the work they were engaged to do. It does not occur to this court that the work which the contractors were engaged to do necessarily required the digging of the ditch through the solid concrete sidewalk, and, at any rate, the burden rested upon appellant of bringing his case within the exception to the general rule which exempts the owner from liability for the negligence of an independent contractor. Upon no phase of the evidence do we think that any liability upon the part of the bank was shown. See Wilson v. Crutcher (Tex. Civ. App.) 176 S. W. 625, and cases there cited; also, Ewing v. Litzmann (Tex. Civ. App.) 188 S. W. 742.

The facts in this case are different from those shown in Kampmann v. Rothwell, supra. There the independent contractor was repairing a sidewalk. Necessarily the work would constitute an obstruction of the walk.

Affirmed.