## CROSS v. TEXAS MILITARY COLLEGE.
### No. 11347.

Court of Civil Appeals of Texas. Dallas.
Oct. 28, 1933.

Rehearing Denied Dec. 2, 1933.

Ashworth, Crisp & Ashworth, of Kaufman, for appellant.

Bond & Porter, of Terrell, for appellee.

BOND, Justice.

J. W. Cross instituted this suit in the county court of Kaufman county against the Texas Military College, a private corporation, for damages to his property, occasioned by the construction, operation, and maintenance by appellee of a slaughtering pen at and near his property, causing odors and stenches to emanate therefrom, and on account of which appellant's property was damaged. The petition in extenso sets out the nuisance created by the act of appellee, and the alleged permanent and substantial damage appellant suffered in value depreciation of his property. He alleges: " * * * That by reason of the use that was being made of the premises of the said defendant as heretofore alleged, the reasonable market value of plaintiff's premises has been reduced to the extent of $300.00. That by reason of the fact that this plaintiff could not use said premises as his home, and was forced to abandon same by reason of the condition as heretofore alleged and by reason of the fact that he could not rent said premises to other parties he has been damaged in the sum of $200.00."

The case was tried to a jury, and, at the conclusion of appellant's testimony, the court sustained appellee's motion for an instructed verdict, and, over appellant's objection, instructed the jury to find for appellee. On the verdict thus rendered, the trial court entered judgment for appellee. Appellant appeals.

Manifestly, by the pleadings of appellant, his cause of action is based on the existence of a temporary nuisance, causing permanent injury to his property; his testimony closely follows his pleadings. Appellant testified that, he owned a lot across a 50-foot street from appellee's property, in the city of Terrell; that he purchased the property eight or ten years ago; that soon thereafter the Texas Military College constructed a barn and hog pen on its property, about 90 feet from his premises, and used said barn and pen

as a slaughtering place, butchering animals, keeping numerous hogs for slaughter, and, in its operation, threw offals about the premises and in the street, allowing such to decay, from which nauseous stenches and odors emanated and were blown into his home; that his property, immediately prior to the time the defendant established its slaughtering pen, was worth from $700 to $750, and immediately thereafter it was worth $400, and because of said condition the enjoyment of his place as a home was destroyed. He further testified that appellee has not killed any hogs on the premises for "over a year."

It is evident that the nuisance alleged, and that which the testimony tends to establish, could have been abated, either voluntarily removed or avoided by the aggrieved party, and the alleged value of appellant's property restored. In fact, the record shows that the nuisance had been removed at the time of the institution of this suit. It is well settled in this state that, in such cases, the depreciation in rentals and such consequential personal inconvenience and hurt as may be the natural and direct proximate result arising from such a nuisance are the elements of damage recoverable, and not the depreciation in market value of such property. City of San Antonio v. Mackey's Estate, 22 Tex. Civ. App. 145, 54 S. W. 33, 34; City of Paris v. Jenkins, 57 Tex. Civ. App. 383, 122 S. W. 411; Baugh v. Railroad Co., 80 Tex. 56, 15 S. W. 587; City of Honey Grove v. Mills (Tex. Civ. App.) 235 S. W. 267.

In the case of City of San Antonio v. Mackey's Estate, supra, involving a cause of action based on stenches and bad odors similar to the case at bar, the court said: "Such being the case presented by the evidence, the depreciation in the market value of the land was not the measure of damages, and the charge presenting that issue to the jury can have no other tendency than that of misleading them. As to a nuisance capable of abatement, the depreciation of the value of the property can have no applicability. The settled rule of damages in such cases is the difference in the rental value with and without the nuisance."

In consonance with this holding, our Supreme Court, in Baugh v. Railroad Company, supra, announced the terse rule that: "* * * When the nuisances complained of are of a temporary character, such as may be voluntarily removed or avoided by the wrong-doer, or such as the injured party may cause to be abated, only such damages as have accrued up to the institution of the suit or (under our system) to the trial of the action can be recovered. For such damages depreciation in the value of the property affected by the injury is not a measure, and in such a suit the amount of such depreciation cannot be recovered."

We conclude that the trial court did not err in sustaining appellee's motion for an instructed verdict.

Appellant assigns error on the action of the trial court, in refusing to allow him to withdraw his announcement, after resting, and disallowing him to reopen the case, and by further testimony place in issue the element of damages of the depreciation in rentals of his property, in compliance with the pronounced ruling of the trial court in sustaining appellee's motion. The record does not disclose what witness appellant desired to introduce, or what specific testimony he desired to offer to establish the belated issue as to the measure of damages. Such matters, after the plaintiff has rested, are directed to the sound discretion of the trial court, and, unless a clear abuse of discretion is shown, the action taken by him will not be disturbed on appeal. Day v. Andersen (Tex. Civ. App.) 62 S.W.(2d) 201. In this case, the proffered testimony could not have availed any benefit to appellant's record, but would have been clearly at variance with appellant's pleadings; therefore, if the action of the court was error, it was harmless. We find no abuse of discretion in this case.

We have considered all of appellant's assignments of error, and they are expressly overruled. Judgment is affirmed.

Affirmed.