KNIGHTS OF PYTHIAS OF THE WORLD v. ANNIE C. BRIDGES.

Decided January 20, 1897.

1. **Benefit Society—Warranty—Construction—Use of Liquor.**

Insured in his answers to questions in an application for insurance in a benefit society, which answers he warranted to be true, stated that his use of intoxicating liquors was "very moderate." The constitution of the order gave to a Board of Control authority to annul certificates of insurance where the insured became addicted to vices whereby his life or natural expectancy would be shortened or the risk become more hazardous. Held, that the words "very moderate" were to be taken in their ordinary sense, and it was error to instruct the jury to construe them in the light of the meaning defined in such laws of the corporation.

2. **Same—Notice—Charge—Collusion.**

Where there was no evidence of collusion between insured and the officers of the local lodge, it was proper to refuse a charge that if such officers were agents of the Supreme Lodge their knowledge of the habits of insured would not, in case of such collusion, estop the Supreme Lodge from defending on the ground of false representation as to habits.

3. **Knights of Pythias—Local Lodge—Officers—Agency—Notice.**

Under the evidence here shown as to the organization of the Supreme Lodge, Knights of Pythias, and of the local lodges, the officers of the latter were agents of

the Supreme Lodge, and notice to them of the habits of insured while payments and assessments were being collected from him was notice to the Supreme Lodge.

ERROR to the District Court of Caldwell County. Tried below before Hon. H. TEICHMUELLER.

*Walton & Hill,* for plaintiff in error.—The court erred in its charge defining the meaning of the words "temperate" and "moderate," as used in the application of J. P. Bridges for insurance. Ins. Co. v. Simpson, 88 Texas, 338; Brockway v. Ins. Co., 9 Fed. Rep., 253; Van Valkenburgh v. Ins. Co., 70 N. Y., 605; Benefit Societies and Life Ins., Bacon, sec 631, and cases cited.

The court erred in refusing defendant's special charge No. 2, which is as follows: "If, under the instructions given you in the main charges, you find that the officers or medical examiner of the local section of the Endowment Rank of the Knights of Pythias, at Luling, or any of them, were, in dealing with J. P. Bridges, the agent or agents of defendant, and had notice which would operate as an estoppel or waiver as against defendant of its right to avoid the benefit certificate of said Bridges or to enforce a forfeiture thereof, you are instructed that if said officers or medical examiner participated with said Bridges in the fraudulent procurement of said certificate or in the concealment of any forfeiture of his right thereunder, and concealed the same from defendant at the instance and in the interest of said Bridges, then the defendant would not be and is not estopped from avoiding said certificate and enforcing the forfeiture thereof." Western Mortgage Co. v. Ganzer, 63 Fed. Rep., 647; Hansen v. Ins. Co., 57 Iowa, 741.

The court erred in its charge in submitting the question of the agency of Luling Lodge No. 962 of the Endowment Rank, K. of P., in that the language in said charge assumes that said Section 962 was an agent of defendant,—said language being imsleading and clearly upon the weight of evidence, or rather an announcement by the court that said Local Section 962, at Luling, Texas, was an agent of defendant. Rev. Stats., art. 1317.

*L. J. and A. B. Storey,* for defendant in error.—The moderate use and temperate use of intoxicating liquors does not mean a total abstinence from the use of liquors, but implies the use of such liquor to a degree; and the line between the moderate use and the immoderate use, or the temperate use and the intemperate use of such liquors would hardly be placed by any two men at the same point, as is shown by the facts in this case; and therefore some definition seemed necessary, and it was proper for the court to refer in his charge to the laws of the order for its construction of its own laws upon this subject. Bacon on Benefit Soc. and Life Ins., 410, sec 231; Ins. Co. v. Foley, 105 U. S., 350; Ins. Co. v. Muskegan Bank, 122 U. S., 501.

COLLARD, Associate Justice.—This suit was brought by defendant in error, Annie C. Bridges, against the plaintiff in error, the Knights of Pythias of the World, for two thousand dollars, the amount of beneficiary certificate in favor of plaintiff below upon the life of James P. Bridges.

After demurrer and general denial the defendant below sought to avoid liability on the certificate upon the ground that Bridges had answered falsely questions, which answers he warranted to be true, the questions being:

1. "To what extent do you now use intoxicating liquors?" To which he answered, "Very moderate."

2. "Have you always been temperate in their use? If not explain, the duration and extent of excess and when last?" To which he answered, "Yes."

Defendant also set up as a defense that James P. Bridges violated the rules and regulations of the order by the excessive use of alcoholic and intoxicating liquors, and thereby caused or superinduced death.

Plaintiff replied, denying the matters set up as a defense, and pleaded that defendant was estopped by reason of the alleged fact that its agents —the officers of local section No. 962, a subordinate lodge or society of defendant at Luling, Texas, of which deceased was a member—knew the habits of the member, and, with such knowledge, continued to recognize him as a member, and to accept and receive from him assessments and premiums.

Defendant denied that it had any agents at Luling, and averred that the officers of Section 962 at Luling were not its agents, and could not charge it with notice of the fact averred; but that such officers were the agents of Bridges; that if such officers knew the habits of Bridges it was their duty to communicate the fact to defendant, but that they fraudulently concealed the same, and therefore defendant was not estopped.

The facts being submitted to the jury, the verdict was that Bridges had not answered falsely the questions mentioned, and that his death was not caused by drinking alcoholic liquors. Judgment was rendered for plaintiff for two thousand dollars, the amount of the certificate, with six per cent interest from the date liability accrued. Defendant has brought the case to this court by writ of error.

It was proved that the local section 962, Endowment Rank of the Knights of Pythias of the World, at Luling, Texas, was regularly and legally organized under the constitution and by-laws of the Supreme Lodge, by virtue of a warrant issued by the latter to be so organized, and had authority to receive members who would be entitled to certificates from the Supreme Lodge; that Bridges was a member in good standing of the subordinate lodge and was eligible for membership in the Endowment Rank of the order; that he complied with all required formalities and had been accepted as a member of the Rank, and that the certificate sued on had been issued to him naming plaintiff as the

beneficiary, agreeing to pay her two thousand dollars on the death of James P. Bridges, conditioned that he should pay all assessments and dues and comply with all the laws then in force or that should thereafter be enacted. It was further proved that he had paid all assessments and dues to the local section, and that the officers of the section knew his habits; that he died at Houston, Texas, February 12, 1893, of which legal proof was made to defendant.

Bridges was admitted a member of the local section at Luling June 1, 1889, and the certificate sued on was issued to him by the Supreme Lodge at Chicago, Ill., on the 10th day of June, 1889.

It was proved that the Board of Control of the Supreme Lodge had power under the constitution and by-laws to repeal, enact or amend the laws of the order, and that the Board, on January 12, 1893, amended Article 6, Section 1, of the General Laws, by adding to the section that if the death of any member was the result of self-destruction, either voluntarily or involuntarily, whether such member be sane or insane, or if such death be superinduced by the use of intoxicating liquors, narcotics, etc., then the certificate issued to such member shall be forfeited.

The constitution of the order of 1888 created a Board of Control with certain powers, among which was the power to annul any certificate when, upon investigation, they find that the certificate was procured by misrepresentation or fraud. It was amended in 1892 so as to read: "The Board is hereby authorized to annul any certificate of endowment when, upon investigation, they find that such certificate has been procured by misrepresentation or fraud, and also whenever a member becomes addicted to vices in any form so that in the opinion of the Board his life or natural expectancy would thereby be shortened and the risk become extraordinarily hazardous."

The answers made in the medical examination are, by agreement of Bridges, warranted to be true.

The certificate sued on stipulates that it is in consideration of the representations and declarations made in the application.

The proof was conflicting as to the habits of Bridges before and after his application, tending to show on the one hand that he did not use intoxicants to excess, and on the other that he used them to great excess.

*Opinion.*—The court submitted to the jury the issue as to the truth or falsity of the answers of Bridges to questions in his application, wherein he answered that his use of intoxicating liquors was "very moderate," and that he "had always been temperate in their use." In submitting the issue the court charged: "In this connection, you are instructed that the meaning of the terms 'moderate' and 'temperate' concerning the use of intoxicating liquors is to be construed by you according to and in the light of the meaning defined in the laws of the corporation. In art. 2, sec. 7, of their constitution, which confers upon the Board of Control the authority to annul any certificate of endow-

ment upon certain contingencies, it is stated that such power arises whenever a member becomes addicted to vices in any form so that in the opinion of the board his life or natural expectancy would thereby be shortened and the risk become more hazardous."

Plaintiff in error assigns as error the court's definition of "moderate" and "temperate," and also insists that as the amendment to the constitution containing the language stated in the court's charge was not in the constitution at the time of the application, but was added long afterwards—in 1892—it could have no application in construing the terms "moderate" and "temperate."

We do not think the court should have directed the jury to construe the terms by the language quoted from the constitution of the order. This section of the constitution authorized one method of annulling the certificate, and that by the Board of Control, and should not be arbitrarily applied by the court as construing the terms "moderate" and "temperate" as used in the answers of the applicant for membership. Those terms should be construed according to their ordinary signification and use and considered with all other circumstances bearing on the question. If, so construed, the jury should conclude that the answers were untrue, then the warranty of their truth would fail; and this would furnish another cause for annulling the benefit certificate. This other cause for avoiding the liability on the certificate was before the court upon its own merits, and should not have been construed by the court, as it was.

We do not believe the court erred in refusing to instruct the jury, at the instance of defendant below, to the effect that if the officers of the local section of the Endowment Rank were agents of the Supreme Lodge, which issued the certificate, and knew the habits of Bridges, such knowledge would not operate as an estoppel or waiver of annulling or waiver of right to avoid the certificate on the ground of the falsity of the answers, if the officers of the local section so knowing the facts participated with Bridges in the fraudulent procurement of the certificate, or in the concealment of any forfeiture of his right thereunder and concealed the same from defendant at the instance and in the interest of said Bridges.

There is no testimony that the officers of the local section, nor the examining physician, participated with Bridges in such fraud, nor that any of them acted at his instance in concealing any fact that would work a forfeiture of the certificate. The evidence only shows that if the facts of falsity of the answers or other fact of forfeiture known to the officers existed, they did not communicate it to the Supreme Lodge. Their mere concealment, unless by collusion with Bridges, or at his instance, could not be charged to Bridges, if they were the agents of the Supreme Lodge.

All the powers of the local sections of the order were derived from the Supreme Lodge and Board of Control, as were all the powers of every officer of the inferior lodges. The subordinate lodge was organ-

ized under a warrant of authority issued by the Board of Control, supreme officers of the order, which warrant authorized the local lodge to admit persons to membership "according to the laws of the order as promulgated from time to time by the Supreme Lodge and the Board of Control of the Endowment Rank."

Bridges was admitted as a member of the local lodge under the forms and according to the laws of the order, as promulgated by the Supreme Lodge and the Board of Control. The powers of the local lodge and its officers were derived from and conferred by the Supreme Lodge and the Board and it was organized by express warrant of the Board.

We do not hesitate to say that the inferior lodges and their officers, acting in the scope of their authority, were the agents of the order, and that their knowledge of facts affecting their duties would be notice to the Supreme Lodge of such facts as in case of agents of ordinary insurance companies. The court did not err in so instructing the jury.

Because of the error herein pointed out in the court's charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*