ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS V.
M. S. CARWILE ET AL.

Decided February 1, 1902.

1.—Parties—Surviving Wife—Personal Injury.

Where the husband died intestate pending an action for personal injury to the wife, she was properly allowed to prosecute the suit in her own name as survivor, there being no administration on his estate and no necessity for any.

2.—Same—Intervention by Children—Harmless Error.

The children of the deceased husband having intervened in the suit, claiming part of the damages, the refusal of the court to strike out their plea of intervention was not error of which the defendant could complain.

3.—Contributory Negligence—Railroads—Accident at Crossing.

Evidence considered in a case of injury at a railroad crossing and held to sustain a finding to the effect that plaintiff was not guilty of contributory negligence in going on the track.

Appeal from Tarrant. Tried below before Hon. M. E. Smith.

*E. B. Perkins, Perkins & Gilbert,* and *R. L. Lassiter,* for appellant.

*Wynne, McCart & Bowlin,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by M. S. Carwile and his wife, E. S. Carwile, to recover damages from appellant for injuries alleged to have been inflicted on the wife at a public crossing near North Fort Worth by a collision between one of appellant's trains and Mrs. Carwile's buggy,—the negligence alleged being failure to ring the bell and blow the whistle at the crossing as required by the statute. The defendant pleaded in abatement the misjoiner of the wife as plaintiff, not guilty, and contributory negligence on the part of the wife in not looking and listening before driving onto the railroad track.

Pending the suit the husband died intestate, and the wife amended and prosecuted the suit in her own name as survivor, claiming the right to do so because there was no administration upon her husband's estate, and no necessity for any. A plea in abatement and special exceptions were urged against her right to prosecute the suit in her own name, all of which were overruled. But before the trial began the children intervened, claiming the right to recover as heirs of their father. A motion was made to strike out the plea of intervention which was overruled, and verdict and judgment went against appellant for $3500, which the jury divided equally between the widow and the children,

and the court rendered judgment accordingly, from which judgment this appeal is taken.

The court did not err to the prejudice of appellant in refusing to strike out the plea of intervention filed by the children. Railway v. Watkins, 26 S. W. Rep., 760, 88 Texas, 20, 29 S. W. Rep., 232. The widow was properly allowed to prosecute the suit to judgment, and it made no difference to appellant that the children were joined, as there was no administration and no necessity for any. Telegraph Co. v. Kerr, 4 Texas Civ. App., 280; Nickerson v. Nickerson, 65 Texas, 281; Corsicana, etc., v. Valley, 36 S. W. Rep., 999; Walker v. Abercrombie, 61 Texas, 69.

On the merits the record discloses that it was a dismal, rainy morning, about 9 o'clock, in February, 1901, when the accident occurred at the intersection of appellant's railroad and the public way leading from Fort Worth to the Union Stock Yards in North Fort Worth. She was riding in a top buggy, going northward to her home from the city with the side curtains partly up, but on the west side she could see off to the left and down the railroad from the direction the engine came which struck the buggy. At about twenty steps from the railroad she slacked up her horse, which was going in a slow trot, and looked both to the left and right and listened for a train, but neither seeing nor hearing any, she drove on till her horse's fore feet were on the railroad, when she heard the noise of the engine close to her on the left and a little behind her, as the intersection is made at an acute angle converging towards the northeast. She immediately reined her horse to the right and got it off the track, but the engine struck the left hind wheel of her buggy and knocked her out of her seat across the dash board, and bruised and injured her left shoulder and arm and also her left breast and side, so that she has suffered much pain, and has been able to use her left arm but little since; can not dress herself without assistance, and her shoulder and arm are stiff and continue to give her pain. The evidence is conflicting as to whether the whistle was sounded and the bell rung as the engine approached the crossing, but sufficient to establish that they were not. The engine was making about fifteen miles an hour, though it was not in the corporate limits of the city. The evidence tends strongly to show that she was guilty of contributory negligence, but on this point the circumstances as related are conflicting, and we find, in deference to the verdict, that she was not guilty of contributory negligence, as her evidence is to that effect.

We have examined and carefully considered every assignment of error, sixteen in all, and overrule them because we find no merit in them, and no new question of law is raised thereby, and no useful purpose would be subserved by writing thereon. And finding no error in the proceedings, the judgment is affirmed.

*Affirmed.*

Writ of error refused.